**James ROSS, Jr., Petitioner,**

v.

**Theodore RISTAINO et al.,
Respondents.**

**Civ. A. No. 74–15–S.**

United States District Court,
D. Massachusetts.

June 24, 1974.

Michael G. West, Kamberg, Berman & Hendel, Springfield, Mass., for petitioner.

Dennis J. LaCroix, Asst. Atty. Gen., Robert H. Quinn, Atty. Gen., Boston, Mass., for respondent.

MEMORANDUM AND ORDER

SKINNER, District Judge.

Petitioner was convicted of armed robbery, assault and battery by means of a dangerous weapon, and assault and battery with intent to murder. Petitioner is black, and the victim, a security guard at Boston University, is white. At the trial, petitioner's counsel asked the judge to put the following question to the jurors in the course of a *voir dire*:

"5.  Are there any of you who believe that a white person is more likely to be telling the truth than a black person?"

Counsel for co-defendants asked for other questions directed to the issue of racial prejudice.

The trial judge declined to ask the requested questions, but did give instructions and ask questions of the jurors which dealt meticulously and extensively with the general issue of bias and prejudice, but did not specifically direct the jurors' attention to the possibility of racial prejudice. The defendant had been identified to the jurors. Two of the jurors asked to be excused because they were prejudiced. One stated explicitly

that the prejudice which he entertained was racial. The other's prejudice was not identified. Various other jurors were excused because of preconceived opinions and connections with the police or with Boston University.

On appeal to the Supreme Judicial Court of Massachusetts, the petitioner's convictions were upheld. Commonwealth v. Ross, 1972 Adv.Sh. 873, 282 N.E.2d 70 (1972). The United States Supreme Court granted certiorari, vacated the judgment and remanded the case for reconsideration in the light of its decision in Ham v. South Carolina, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973). Ross v. Massachusetts, 410 U.S. 901, 93 S.Ct. 968, 35 L.Ed.2d 265 (1973). The Supreme Judicial Court reconsidered the case and again affirmed. Commonwealth v. Ross, 1973 Adv.Sh. 839, 296 N.E.2d 810. Ross' second petition for certiorari to the United States Supreme Court was denied, with vigorous dissents by Justices Marshall, Douglas and Brennan. Ross v. Massachusetts, 414 U.S. 1080, 94 S.Ct. 599, 38 L.Ed.2d 486.

In Ham v. South Carolina, supra, the Court held that Ham, a well-known black activist charged with possession of marijuana, was entitled to have the judge put a question to the prospective jurors specifically directed to the issue of racial prejudice. The Court relied on Aldridge v. United States, 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054 (1931), in which it was held that such a question was required in a trial in a federal court, as one of the "essential demands of fairness."

On remand, the Supreme Judicial Court treated Ham as being limited to situations in which the defendant had become a "special target" of discrimination, relying on the use by Mr. Justice Rehnquist of such common judicial locutions as "in this case" and "under the facts shown on this record."

The Ham opinion rests on Aldridge, however, and the defendant in Aldridge was nobody of special notoriety prior to his indictment. The true significance of Ham is that it extends the rule of Aldridge to trials in state courts.

In Aldridge, the black defendant was tried for the murder of a white policeman in the District of Columbia. Defense counsel requested a voir dire interrogation of prospective jurors on the issue of racial prejudice, and the court refused to grant it. It was held that the "essential demands of fairness" required that such a question, in some form, be put to prospective jurors, if requested. In the opinion * Chief Justice Hughes quotes the following passage from People v. Reyes,

"As the juror best knows the condition of his own mind, no satisfactory conclusion can be arrived at, without resort to himself. Applying this test then, how is it possible to ascertain whether he is prejudiced or not, unless questions similar to the foregoing are propounded to him."

The questions propounded to the jurors in the present case were directed to the general issue of bias and prejudice, and were far more extensive and carefully worded than those given in Aldridge and Ham. They were exemplary in every respect, except the failure to specifically direct the attention of the jurors to the issue of racial prejudice. In substance, they were no different than the ones given in Ham. The fact that one juror responded that he suffered from racial prejudice and was excused does not cover the situation, because his perception can not be imputed to the twelve who were chosen.

In the instant case, there was a white victim. The offense in Ham was victimless, i. e., possession of marijuana. The likelihood of infection of the verdict was at least as great as it was in Ham. The facts are, indeed, "strikingly similar" to those in Aldridge. Ross v. Massachusetts, 414 U.S. 1080, 1085, 94 S.Ct. 599, 38 L.Ed.2d 486. The petitioner had a constitutional right to have the issue of racial prejudice specifically called to the

---

* At 283 U.S. 313, 51 S.Ct. 470, 75 L.Ed. 1054.

attention of the prospective jurors on the *voir dire* examination.

By reason of long personal experience in the prosecution of criminal cases in state courts, I am acutely aware of the burden on the courts, law enforcement officers and victims imposed when a state court conviction is set aside by a federal court. I am also conscious of the respect which federal courts owe the highest court of the state. The mandate of *Ham* is so clear, however, and the rule announced is so fundamental that I have no choice but to enter the following order:

The writ of habeas corpus shall issue unless within 120 days from the date this Order becomes final the Commonwealth shall have instituted proceedings to retry the petitioner in accordance with principles stated above.