COMMONWEALTH *vs.* JOHN YANCEE. July 17, 1979. The defendant appeals from his conviction by a jury of three offenses arising from his alleged operation of a truck which was in collision with two other motor vehicles on a Chelsea street.[1] There was evidence that the defendant was the operator of the truck at the time of the collision, despite his testimony to the contrary. There was also evidence that prior to his arrest near the scene of the collision the defendant directed epithets bearing racial overtones to the owner of one of the other vehicles and his wife. The defendant is a black Japanese-American, and the three witnesses for the Commonwealth were white.

The record demonstrates that the judge put to the prospective jurors the four statutory questions described in the first paragraph of G. L. c. 234, § 28, but, after inquiring of counsel, denied the defendant's motion brought under the second paragraph of § 28 as amended by St. 1975, c. 335, for further interrogation of prospective jurors. The questions contained in the motion had been designed in part to determine whether the judgment of the prospective jurors could be swayed by racial bias where the defendant was a black of "racially mixed" parentage, the "victims" were white and the language used by the defendant during the incident was likely to surface during trial.

There was no violation of the defendant's rights under the Fourteenth Amendment to the Constitution of the United States or of art. 12 of the Massachusetts Declaration of Rights. This is not a case "in which the charges and defenses explicitly implicate racial issues . . . [but rather one] which involve[s] racial prejudice, by inference, through the identities of the parties." *Commonwealth* v. *Grace*, 370 Mass. 746, 756-757 (1976), quoting *Dukes* v. *Waitkevitch*, 536 F.2d 469, 470 (1st Cir. 1976). The mere fact that witnesses on one side are of one race while witnesses on the other are of another is not sufficient to inject race as a factor into the trial, *Commonwealth* v. *Core*, 370 Mass. 369, 375 (1976), especially where, as here, race had nothing to do with

---

[1] The jury found the defendant guilty on two complaints of leaving the scene of an accident after causing damage to property without making himself known, and on the complaint of operating a motor vehicle so the lives or safety of the public might be endangered but not guilty of assault with a dangerous weapon, a motor vehicle, and of operating a motor vehicle without a license.

the defendant's arrest or prosecution. *Id*. Nor do we think that the defendant became a "special target of prejudice," *Commonwealth* v. *Lumley*, 367 Mass. 213, 214, 218 (1975), by reason of the evidence that he used the word "honky." Compare *Commonwealth* v. *Williams*, 378 Mass. 217, 222-223 (1979).

Although the defendant's statutory claims based on the second paragraph of G. L. c. 234, § 28, as amended, give us some pause (see the concurring opinion of Brown, J., in *Commonwealth* v. *Williams*, 6 Mass. App. Ct. 923 [1978]), we find no error in the judge's ruling. "The nature and the extent of the examination of prospective jurors lies within the sound discretion of the trial judge . . . subject to statutory provisions . . . ." *Commonwealth* v. *Haglund*, 4 Mass. App. Ct. 858, 859 (1976). We cannot agree with the defendant that St. 1975, c. 335, which amended G. L. c. 234, § 28, removed all discretion from the judge to act on the defendant's request. Compare *Commonwealth* v. *Hogue*, 6 Mass. App. Ct. 901 (1978). Although that statute, as amended, imposes a duty upon the judge to examine potential jurors with respect to possible bias or prejudice, that duty is triggered on "if it appears that particular jurors . . . may be influenced by extraneous factors to the extent that jurors would be unable to render an impartial verdict . . ." *Commonwealth* v. *Dickerson*, 372 Mass. 783, 793 (1977). See G. L. c. 234, § 28, second par. Here the record reflects that the judge heeded the admonitions of *Commonwealth* v. *Ross*, 363 Mass. 665, 673, cert. denied, 414 U.S. 1080 (1973), and *Commonwealth* v. *Lumley*, 367 Mass. at 216-217, and made inquiry of defense counsel after the motion had been presented but concluded "that it is not reasonably to be expected that the jurors would be influenced by any possible racial prejudice." See *Commonwealth* v. *Ross*, 363 Mass. at 673. The record does not support the conclusion that the judge abused his discretion in so ruling. However, we reiterate that, as a practical matter, when a motion is made to interrogate prospective jurors as to possible prejudice, the motion should be granted. *Commonwealth* v. *Lumley, supra* at 216. We note that the jury's acquittal of the defendant on the assault with a dangerous weapon complaint [the only charge involving interracial confrontation and hence the charge in which possible prejudice would be most likely to manifest itself) "is strong evidence that the jurors were, in fact, impartial and that the voir dire conducted by the trial judge was appropriate in these circumstances . . . . [T]he judge might well [have] conclud[ed] that specific questions would [have been] counter-productive and [have] serve[d] to inject racial bias into the trial rather than to remove it." *Commonwealth* v. *Lumley*, 367 Mass. at 223.

*Judgments affirmed.*

*Kimberly Homan* for the defendant.

*Michael J. Traft*, Assistant District Attorney (*Laurie Peterson*, Legal Assistant to the District Attorney, with him) for the Commonwealth.