COMMONWEALTH *vs.* DENNIS J. KELLEHER. July 30, 1982. The defendant was found guilty by a jury on four indictments charging him with

armed robbery. G. L. c. 265, § 17. On appeal he argues that the proba-
tive value of testimony concerning his assault on and flight from a police
officer was far outweighed by its potential for prejudice from the fact that
the testimony also placed him in the company of a woman identified as a
participant in the robberies.

There was evidence to show that on the night of May 19, 1980, a
woman later identified as one Joan Hiduchick entered a restaurant,
looked around for a few minutes, and left. Almost immediately there-
after, two men, one carrying a handgun and the other a sawed-off rifle,
came into the restaurant and took money from the cash register and
patrons. A short time later, motorcycle officer William McNamara, who
had been alerted about the robberies over the police radio, approached a
group of five people, one of whom was Hiduchick. As he reached them,
all but Hiduchick fled. She was returned to the restaurant, identified in
McNamara's presence as the woman who had been seen just before the
robberies, arrested, and released on bail. The next evening, McNamara
saw Hiduchick in a car with a man who resembled one of the group who
had fled the night before. McNamara approached the vehicle, Hiduchick
drove off, and a chase ensued but McNamara was able to force the car to
pull over and stop. As McNamara was setting the kickstand to his motor-
cycle, the male passenger jumped out of the car and attacked him from
behind. The passenger ran off after a struggle.

It is settled that "evidence of flight indicates consciousness of guilt, and
is generally admissible in evidence to prove a defendant's guilty state of
mind, even if the evidence is otherwise prejudicial." *Commonwealth* v.
*Gilday*, 367 Mass. 474, 496 (1975), and cases therein cited. The defend-
ant claims that McNamara's testimony was "otherwise prejudicial," be-
cause it created the risk that the jury would infer the defendant's guilt
from the fact of his association with Hiduchick. See *Commonwealth* v.
*Perry*, 357 Mass. 149, 151 (1970) ("There can be no finding of guilt by
association").

It is also settled that "[w]hether evidence is relevant in any particular
instance and whether the evidence is so inflammatory in nature as to out-
weigh its probative value and thus preclude its admission are questions
addressed to the sound discretion of the trial judge." *Commonwealth* v.
*Booker*, 386 Mass. 466, 469 (1982). The defendant contends that the
judge abused his discretion because only one of five witnesses to the rob-
bery could make a positive identification of the defendant as one of the
robbers. We see no abuse of discretion in the trial judge's decision to ad-
mit McNamara's testimony concerning the defendant's actions even
though they took place in Hiduchick's presence.

*Judgments affirmed.*

*Patricia A. O'Neill* for the defendant.

*Philip T. Beauchesne*, Assistant District Attorney, for the Common-
wealth.