COMMONWEALTH *vs.* MIGUEL PELIER. October 21, 1982. The defendant appeals from his convictions on indictments charging possession of burglarious implements and breaking and entering a dwelling with intent to commit larceny.

There was evidence that, after discovering damage to a window of a first floor apartment, the owners of the building entered the apartment and found the defendant bleeding from the hand. Lying on a bed was a bag containing items belonging to a lessee. The lessee had not given the defendant permission to enter the apartment. The defendant claimed that two persons whom he had just met took him to the apartment for the purpose of facilitating a heroin purchase. The defendant is a Spanish-speaking Puerto Rican.

1. In the circumstances of this case, it was not reversible error for the judge to deny the defendant's request to put to potential jurors questions designed to determine whether their judgment would be affected by racial or ethnic prejudice. *Commonwealth* v. *Core*, 370 Mass. 369, 375-376 (1976). See *Commonwealth* v. *Pinckney*, 365 Mass. 70, 73-74 (1974) (factually similar to the instant case). But see *Commonwealth* v. *Core, supra* at 376.

The defendant made no showing that he was a "special target for racial prejudice" (*Commonwealth* v. *Ross*, 363 Mass. 665, 672, cert. denied, 414 U.S. 1080 [1973] [with dissents], habeas corpus granted sub nom. *Ross* v. *Ristaino*, 388 F. Supp. 99 [D. Mass.] aff'd, 508 F.2d 754 [1st Cir. 1974], rev'd, 424 U.S. 589, 598 [1976]), or that there was "'reason to suspect that a juror or jurors . . . [might] not be indifferent' on the ques-

tion of racial bias." *Commonwealth* v. *Corgain,* 5 Mass. App. Ct. 899, 900 (1977), quoting *Commonwealth* v. *Dickerson,* 372 Mass. 783, 793 (1977). Although it was not error for the judge to refuse to ask the venire questions about possible bias, it would have been permissible and sound for him to have done so. See *Commonwealth* v. *Lumley,* 367 Mass. 213, 216 & n.2 (1975). Interrogating the venire in some instances of course may be counterproductive. See *Commonwealth* v. *Bumpus,* 365 Mass. 66, 67 (1974). Nevertheless appropriate practice (which may avoid later appeals) is to consider a motion for special questions carefully, and to advise the defendant that "specific questions may activate latent racial bias" or have other undesired results. See *Commonwealth* v. *Lumley,* 367 Mass. at 216-217. If thereafter the defendant continues to request that specific questions concerning bias be asked, the judge, as a practical matter, should resolve any doubts by propounding such questions to the venire. *Id.* at 217 & n.3. See *Commonwealth* v. *Yancee,* 8 Mass. App. Ct. 884, 885 (1979), and cases cited.

2. The defendant contends that the conduct of the trial judge deprived him of a fair and impartial trial. We cannot agree. The record demonstrates that the judge's control over the defendant and his counsel was reasonable in the circumstances. See *Commonwealth* v. *Lewis,* 346 Mass. 373, 378-380 (1963). The disruptive discourse resulted from the defendant's refusal to answer questions designed to impeach his credibility, see *Commonwealth* v. *Chase,* 372 Mass. 736, 749-750 [1977]; G. L. c. 233, § 21, rather than from the judge's actions. "It would be a reproach to the administration of justice if a defendant . . . could pollute the atmosphere of a trial and then turn this to his own advantage on appeal." *Commonwealth* v. *Lewis,* 346 Mass. at 379.

*Judgments affirmed.*

*Mark B. Schmidt* for the defendant.
*Ellen Donahue,* Assistant District Attorney, for the Commonwealth.