COMMONWEALTH *vs.* STEVEN FOLEY.

Essex. May 2, 1988. — June 30, 1988.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Jury and Jurors. Practice, Criminal*, Interrogation of jurors, Sentence. *Rape.*

In empanelling the jury at a criminal trial, a judge did not violate G. L. c. 234, § 25, by his use of a procedure whereby he interrogated members of the venire collectively; instructed those who raised their hands in response to any question to leave and wait outside the courtroom; and then selected a jury randomly from the venire members remaining in the courtroom [704-705]; however, this court advised that hereafter any issue as to the qualification of a potential juror who answers a preliminary question in the affirmative should be resolved in a manner that will assure that that person, if found qualified, will have the same prospect of sitting on the jury as do those persons who answer no preliminary question in the affirmative [705-706].

In the case of a defendant convicted of rape, a sentence of from nineteen and one-half to twenty years' imprisonment did not violate provisions of G. L. c. 279, § 24, requiring an indeterminate sentence. [706]

INDICTMENT found and returned in the Superior Court Department on March 28, 1985.

The case was tried before *Robert A. Mulligan*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Maureen B. Brodoff*, Committee for Public Counsel Services, for the defendant.

*Judith Fabricant*, Special Assistant District Attorney (*David W. Duncan*, Assistant District Attorney, with her) for the Commonwealth.

NOLAN, J. Following a trial by jury, the defendant was convicted of rape and sentenced to from nineteen and one-half years to twenty years' imprisonment. The defendant filed a timely notice of appeal. We transferred the case to this court on our own motion. We affirm the conviction.

The defendant raises two issues on appeal. The first involves the procedure employed by the trial judge in empanelling the jury. The second challenges the validity of the defendant's sentence. Neither issue necessitates a recital of the evidence presented at trial.

1. The empanelment of the jury began with the judge swearing in the venire. He then explained to the venire that he was going to ask them, collectively, certain questions. The judge instructed the venire that, if any member had an affirmative answer to any one of the questions, such person should raise his or her hand. The judge next asked whether any of the venire members (1) knew or was related to the defendant, (2) knew or was related to the lawyers in the case, (3) knew or was related to any of the potential witnesses in the case, (4) had an interest in the outcome of the trial, (5) read or heard anything about the case, (6) expressed or formed any opinions related to any issue in the case, (7) was aware of any bias or prejudice concerning the Commonwealth, the defendant, or any witness in the case, (8) would have any problem deciding the case fairly and impartially since it would involve a four-day trial, one day being a Jewish holiday, and (9) would believe the testimony of a police officer more than any other witness just because the testimony came from a police officer.

Eight venire members raised their hands in response to question 3, one member to question 5, three members to question 8, and two members to question 9. The judge instructed these individuals to leave and wait outside the courtroom.[1] A jury of fourteen were then empanelled by random selection from the venire members remaining in the courtroom.[2] Defense counsel objected to the judge's decision to postpone individual questioning of the removed venire members until such time as they were needed to fill any vacant jury positions. The objection

[1] The record is unclear whether any individual responded affirmatively to more than one question. The total number of individuals asked to leave the courtroom, therefore, could have been as few as eight and as many as fourteen.

[2] The record does not reflect how many venire members remained in the courtroom.

was overruled. A jury were eventually selected from the remaining venire without the necessity of recalling the removed members.

This case implicates the permissible scope of a trial judge's discretion in conducting the jury selection process. The defendant contends that G. L. c. 234, § 25 (1986 ed.), requires that each panel be randomly drawn from the entire venire, excluding only those members dismissed for cause (relying on the statutory language that the panel be drawn from those "who appear and are not excused or set aside"). The Commonwealth, on the other hand, asserts that the language in § 25 does not restrict the discretion of the judge to select a panel from a venire from which certain members were set aside for appropriate reasons short of disqualification.

It is true that some of the affirmative answers given by the venire members may not have necessarily provided grounds for their disqualification. We fail to see, however, any statutory violation in the procedure employed by the judge in this case. The record indicates that the venire members who raised their hands were not dismissed entirely, but merely "set aside" (to use the statutory phrase) to be used if a jury could not be selected from the remaining venire. We disagree with the defendant's contention that because certain venire members raised their hands in response to the judge's questions, those members indicated a conscientiousness and honesty that set them apart from those members who did not raise their hands. There is no reason to believe that this second group was any less conscientious and honest by keeping their hands down when their answers to the judge's questions were "no."

Although there was no statutory violation in the procedure the judge followed, we see a potential for problems, or at least the appearance of problems, in other cases. We have indicated the importance of the randomness of the process by which jury lists should be compiled. See *Commonwealth* v. *Bastarache*, 382 Mass. 86, 103 (1980). A process that eliminates from consideration potential jurors who on investigation may not be disqualified could appear to run contrary to the principle of randomness. We think it better that a potential juror not be placed

in a separate category to be considered further as a potential juror only if a sufficient number of other persons cannot be found in the available venire. Pursuant to our constitutional and statutory authority to supervise the courts, we advise that the question of the disqualification for cause of a juror who answers one or more preliminary questions in the affirmative should be resolved in such a way that, if that person is found not to be disqualified, he or she should have the same prospect of sitting on the jury as do those persons who answer no preliminary question in the affirmative.

2. The defendant claims that his sentence of from nineteen and one-half years to twenty years is not an indeterminate term as defined by G. L. c. 279, § 24 (1986 ed.).[3] The defendant argues that the time span between his minimum and maximum sentences is de minimis, amounting, in effect, to a prohibited determinate sentence. This court has not decided whether any particular time differential between minimum and maximum terms is required. The Appeals Court has upheld a sentence of from nine to ten years and refused to recognize a requirement of a minimal spread between terms from the language of § 24. *Commonwealth* v. *Hogan*, 17 Mass. App. Ct. 186, 187-190 (1983). The reasoning of *Hogan* is sound. If the Legislature had intended to require a minimum term differential, it would have included one in the statute.

*Judgment affirmed.*

---

[3] Section 24 provides: "If a convict is sentenced to the state prison, except for life or as an habitual criminal, the court shall not fix the term of imprisonment, but shall fix a maximum and a minimum term for which he may be imprisoned. The maximum term shall not be longer than the longest term fixed by law for the punishment of the crime of which he has been convicted, and the minimum term shall not be less than two and one half years."