The jury could find the following, in brief. After staying at a local bar until closing, the victim invited some fifteen friends back to her house for a party, and the defendant joined. The party disbanded in early morning. The victim, still dressed, went to bed. Shortly, the defendant returned and appeared in the bedroom, having entered by opening a storm door and pushing the inside door left ajar (both doors unlocked). Becoming apprehensive, the victim asked the defendant to leave; as he came toward her she threw her cigarette lighter at him and made a pass at throwing the telephone, but missed him. He lay over her and commenced unbuttoning her shirt and threatened her and said it would not be so bad if she relaxed. She managed to throw him off and banged on the common wall shared with her neighbor. At this point, the defendant fled.[1]
1. In respect to his rule 25(b) motion, the defendant sees an inconsistency between the conviction of the breaking and entering charge and the acquittal of the assault charge. Inconsistency, if it existed, would not undermine the conviction; in general, juries are not held to consistency in their verdicts. See Commonwealth v. Nascimento, 421 Mass. 677, 684 (1996). Here, however, there was no necessary inconsistency. For instance, the jury could have acquitted of assault with intent to rape because they found insufficient evidence of an assault, while still being prepared to find an intent to commit rape. This would be consistent with their finding an *864 intent to commit a felony, i.e., rape, in connection with the breaking and entering charge, and convicting thereon. So, also, we perceive no error in the judge’s refusal to reduce the conviction to breaking and entering with intent to commit a misdemeanor (say trespass, the defendant suggests).
Deborah A. Beard for the defendant.
Mary E. Mullaney, Assistant District Attorney, for the Commonwealth.
2. A few days after the episode, police, who had obtained an arrest warrant, found the defendant crouched in a closet in his girlfriend’s apartment and arrested him. The Commonwealth moved in limine for permission to offer evidence of consciousness of guilt, while the defendant moved to exclude it. The defendant argued that he would be particularly hurt by such evidence because, to counter it, he would have to affirm that he was hiding, not from being apprehended in connection with the charge in the present case, but from being taken on surrender for violating parole on an unrelated conviction, and this would make him appear a convicted criminal in the eyes of the jury. Counsel argued the matter before trial. The judge agreed with the Commonwealth (but the Commonwealth was not permitted to refer to consciousness of guilt in its opening). The judge was not bound to exclude the evidence of hiding merely because there was a possible reason for the defendant’s behavior other than eluding arrest on the instant charges, even if that reason might point to unrelated criminal activity on the defendant’s part. See Commonwealth v. Toney, 385 Mass. 575, 584-585 (1982); Commonwealth v. Booker, 386 Mass. 466, 470-471 (1982). It was for the jury to decide which was the compelling purpose or motive. The defendant is actually claiming on this appeal that trial counsel rendered ineffective assistance, because he did not move to suppress the consciousness-of-guilt evidence, but, as noted, there was pretrial argument on the issue, and no reason suggests itself why counsel would have fared any better had he moved to suppress.

Judgment affirmed.

 The defendant first claimed he returned to reclaim his wallet left in the bathroom, later he said it was cocaine.