Following a jury trial in the District Court, the defendant, Brandon A. Hamilton, was convicted of unlawful possession of a firearm and unlawful possession of a loaded firearm. On appeal, he contends that his attorney's failure to object to the admission of inadmissible hearsay, and failure to request a limiting instruction upon the introduction of hearsay evidence, constituted ineffective assistance of counsel. We affirm.
Background. On the night at issue, the defendant was scheduled to host a rap music concert at a bar in Revere Beach. A dispute arose between the defendant and one of the rap performers whose act had been canceled. That performer, and the group that accompanied him to the bar, were later "kicked out" of the bar. At some point thereafter, the defendant looked outside the window of the bar and saw an individual from the rap performer's group signaling to other persons in an alley beside the bar. A short time later, the defendant had a verbal confrontation with an individual outside the bar. This individual, who had appeared from the alley, ran back toward the alley, and the defendant pursued him. Next, two gunshots rang out from the area of the alley. The defendant retreated, but subsequently returned to the alley and challenged the individuals in the alley to come out and fight.
The defendant eventually entered the backseat of a car driven by his friend, Michael Solazzo.[2] The defendant's friend, Jeffrey Watson, also entered the backseat of the car.[3] As Solazzo drove away he heard another gunshot from the backseat of the vehicle, and heard the defendant scream, "My foot. My foot."
Solazzo then drove to the hospital. At the defendant's direction, Solazzo drove past the emergency department entrance, allowed Watson to exit the vehicle, and drove back to the emergency department to drop off the defendant. Officer Luti of the Salem police department was in the emergency department when Solazzo and the defendant arrived. Officer Luti observed the defendant being wheeled in a wheelchair from the vehicle to the hospital. He asked the defendant about the incident. The defendant responded that the incident occurred in Wilmington. Officer Luti then spoke to Solazzo who described the events at the Revere Beach bar, and stated that the defendant shot himself in the foot. Following the conversation, Officer Luti observed a firearm on the floor of the vehicle behind the passenger seat.
Massachusetts State Trooper Chad Doucette spoke to the defendant at the hospital. After being provided Miranda warnings, the defendant admitted that he shot himself in the foot while in the backseat of the vehicle driven by Solazzo. Trooper Doucette arrested the defendant and transported him from the hospital to the State police barracks. During the booking process, the defendant again admitted to Trooper Doucette that he "shot himself in the foot outside of the establishment." The next morning, while in his cell at the barracks, the defendant, yet again, told Massachusetts State Trooper Joseph Barteaux that he "shot himself in the foot with a gun."
The defendant testified at trial that Watson, while playing with the gun in the vehicle, inadvertently shot him in the foot. The defendant claimed that he lied to protect Watson from criminal liability.[4]
Discussion. To prevail on a claim of ineffective assistance of counsel, the defendant must establish that there has been "serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer" and that, as a result, he was "likely deprived ... of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). See Commonwealth v. Millien, 474 Mass. 417, 432 (2016) (prejudice standard under second prong of Saferian test met when reviewing court has "serious doubt whether the jury verdict would have been the same had the defense been presented"). The defendant did not raise this claim through the preferred method of a motion for new trial accompanied by affidavits, and thus presents a claim "in its weakest form[,] because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight." Commonwealth v. Diaz, 448 Mass. 286, 289 (2007), quoting Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002). "Because the defendant raises [this] claim[ ] for the first time on direct appeal, [its] factual basis must appear 'indisputably on the trial record' for us to resolve [it]." Commonwealth v. Vera, 88 Mass. App. Ct. 313, 323 (2015), quoting Commonwealth v. Dargon, 457 Mass. 387, 403 (2010). This is not such a case.
The defendant claims that his trial counsel was ineffective for (1) failing to object to Officer Luti's hearsay testimony that Solazzo told him that the defendant "shot himself in the foot," and (2) failing to request a limiting instruction with respect to Solazzo's written statement. Although the defendant acknowledges that Solazzo's written statement was admissible for impeachment purposes, he contends that the absence of a limiting instruction created prejudicial error. The claims are unavailing.
First, absent a motion for new trial, accompanied by an affidavit from trial counsel, we cannot discern on this record whether the absence of any objection had a tactical basis. As discussed below, where there was substantial additional evidence showing that the defendant shot himself, we are unable to say that the alleged inadequacy of counsel's performance appears "indisputably on the trial record." Commonwealth v. Zinser, 446 Mass. 807, 811 (2006), quoting Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994).
Even assuming, arguendo, that there was no tactical reason for not objecting to the admission of Solazzo's statements, we do not have serious doubt whether the result of the trial might have been different had the alleged errors not been made. See Millien, 474 Mass. at 432. The case against the defendant was strong. The defendant admitted to two officers, three times, that he had shot himself in the foot. These admissions occurred at the hospital emergency room soon after the incident, at the State police barracks during booking, and inside the defendant's holding cell. Furthermore, the jury could have determined that the defendant would not have headed to the alley to challenge the shooters, without being armed himself. In addition, the defendant's lie to the police that the incident occurred in Wilmington, demonstrated consciousness of guilt. See Commonwealth v. Booker, 386 Mass. 466, 471 (1982). On the present record, the defendant has not satisfied the prejudice prong of the ineffective assistance test.
Judgments affirmed.

The defendant had arranged for Solazzo to drive him to and from the event.

There was testimony that the defendant entered the left rear passenger seat of the car, while Watson entered the right rear passenger seat.

Surveillance videos from the bar, from an area near the bar, and from the hospital were admitted as exhibits, and have been reviewed by the panel.